Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

THE PORT AUTHORITY OF
NEW YORK AND NEW JERSEY,

    Plaintiff,

  v.

AMERICAN STEVEDORING, INC.,

    Defendant.

Civil Action No. 09-4299 (SRC) (MAS)

**OPINION & ORDER**

---

**SHIPP, Michael A., United States Magistrate Judge**

  This matter comes before the Court on Plaintiff Port Authority of New York and New Jersey's ("Plaintiff" or "Port Authority") motion for reconsideration of this Court's September 23, 2010 Order (Docket Entry Number ("Doc. No.") 60) compelling Plaintiff to produce supplemental responses to Defendant American Stevedoring, Inc.'s ("Defendant" or "ASI") Document Request Number 36. (Doc. No. 64-1 ("Pl.'s Moving Br.").) Defendant opposes Plaintiff's motion. (Doc. No. 66 ("Def.'s Opp'n Br.").)

  For the foregoing reasons, this Court finds good cause to deny the Port Authority's motion for reconsideration without prejudice.

**I. BACKGROUND**

  As the parties are well-informed of the underlying facts surrounding this matter, the Court will address only those facts relevant to Plaintiff's motion for reconsideration. Notably, ASI's Document Request Number 36 requests the following information:

> Any and all documents in the possession, custody or control of the Plaintiff which refer or relate in any way to the length of leases, terms of leases, and rent in leases of other marine terminal operators [("MTOs")] at the Port of New York and New Jersey.

(Pl.'s Moving Br. 3.) Upon an informal application by ASI and consideration of each party's legal positions, the Court found good cause to require supplemental responses to Document Request Number 36, but narrowed the time period for which responsive documents were to be produced to the past seven years. (Doc. No. 59, Transcript of 9/22/10 Proceedings ("TR") 7:8-12.) Plaintiff now moves the Court to reconsider its ruling and further narrow the scope of Document Request Number 36 to exclude any "documents in the possession, custody or control of the Plaintiff which refer or relate in any way" to the leases between Plaintiff and the other MTOs other than the leases themselves. (Pl.'s Moving Br. 1-2.)

## II.     LEGAL DISCUSSION

A court may grant a motion for reconsideration when the moving party demonstrates "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Stated differently, this Court has held that a motion for reconsideration should be granted where "the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion . . . ." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 2000). Thus, a moving party will succeed in demonstrating that reconsideration is appropriate or warranted, by "set[ting] forth concisely the matters or controlling decisions which the counsel believes the court has overlooked. . . . [A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re NJ Affordable Homes Corp.*, No. 05-60442, 2006 WL 4457337, at *3 (D.N.J. July 19, 2006) (internal citations and quotations omitted). In

other words, the moving party must demonstrate:

> more than mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision. A motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law which were overlooked. . . . [A] motion for reconsideration is an extraordinary remedy that should be used sparingly and limited to exceptional circumstances.

*Id.* at **3-4 (internal citations and quotations omitted).

Plaintiff's application for reconsideration is premised upon the following two arguments: (1) the Court overlooked the fact that Defendant, through its submissions to the Court and discovery correspondence and responses, limited Document Request Number 36 to include only leases; and (2) Document Request Number 36 is overly broad and irrelevant. (Pl.'s Moving Br. 3-7; Doc. No. 67 ("Pl.'s Reply Br.") 5-10.)[1] In support of its assertions, Plaintiff relies on Defendant's informal motion to compel, dated June 29, 2010 (Doc. No. 44 ("Def.'s Motion to Compel"), Michael J. Geraghty's October 12, 2010 Declaration (Doc. No. 64-2 ("Geraghty Decl.")) and his November 8, 2010 Reply Declaration (Doc. No. 67-1 ("Geraghty Reply Decl.")), which include Defendant's interrogatory responses and the complaint filed with the Federal Maritime Commission ("FMC") against Plaintiff under the Shipping Act. (Pl.'s Moving Br. 3-7; Pl.'s Reply Br. 5-10.) Plaintiff contends that because Defendant drafted sections in those documents using narrow terms – for example, by referring to MTO "leases" instead of "leases and lease-related documents" – Defendant effectively limited Document Request Number 36 to leases only, to the exclusion of non-lease, lease-related documents. Specifically,

---

[1] Defendant urges the Court to strike Plaintiff's reply brief for failure to seek leave of Court prior to filing same. (Doc. No. 68.) Under Local Civil Rule 7.1(d)(3), "[n]o reply papers shall be filed on a motion for reconsideration pursuant to [this rule] . . . unless the Court otherwise orders." Plaintiff did not request permission from the Court to file reply papers until the day after filing its reply brief. (*See* Doc. No. 69.) Nevertheless, despite Defendant's opposition, the Court finds good cause to permit and consider the reply brief, in order to make its decision on the merits of each party's legal positions, rather than on mere technicalities.

Plaintiff points to the following restrictive language employed by Defendant:

> Therefore, I request that this Court compel the production of all extant, current leases for all MTOs in the port district, or permit me to inspect the same.

(Def.'s Motion to Compel 2.)

> The PA gives inducements and offsets to marine terminal operators ("MTO") . . . . These favors are sometimes apparent from the face and content of the leases the PA negotiate and were detailed in the FMC litigation between the parties. Without having a set of leases at our disposal now, ASI cannot quantify the inducements and offsets at this time.

(Geraghty Decl. Ex. D, response to Interrogatory 18.) In addition, to support its assertion that Defendant limited its discovery requests in this matter, Plaintiff relies on Defendant's discovery requests in the FMC claim:

> Produce any and all leases between marine terminal operators other than ASI and the Port Authority entered into, or renewed, from January 1, 2004 to the present time. In lieu of producing the leases, the Port Authority may provide a summary, or comparison, of rent charged year by year as set forth in said non-ASI leases of marine terminal operators, and the corresponding amount of space (by acre) leased by said non-ASI marine terminal operators, which summary or comparison shall show the parity, or disparity, of rent charged amongst marine terminal operators in the Port District.

(Geraghty Reply Decl. Ex. A ¶ 11.) Plaintiff contends that the non-lease, lease-related documents requested in this action were directed at Defendant's Shipping Act claim and, since Defendant withdrew that claim and filed it with the FMC in May 2010, Plaintiff asserts that the documents at issue in this motion are no longer relevant to this matter. (Pl.'s Reply Br. 3-5.)

In response, Defendant emphatically disagrees with Plaintiff's contention that Defendant's restrictive use of the word "lease" in its informal motion to compel, discovery correspondence and document requests related to its FMC claim, effectively limited Document Request Number 36 to exclude non-lease, lease-related documents. (*See generally* Def.'s Opp'n Br.) In particular, Defendant argues that the Court did not overlook anything when it granted

Defendant's motion. (*Id.* at 6-13.) With respect to Defendant's informal motion to compel, Defendant asserts that it referred primarily to "leases" because the focal points of Plaintiff's objections to its document request were simply "leases" and not non-lease, lease-related documents. (*Id.*) Thus, Defendant contends its request "that this Court compel the production of all extant, current leases for all MTOs in the port district, or permit . . . inspect[tion of] the same" must be understood in context as ASI was simply responding specifically to Plaintiff's objection that the timeframe for the requested leases was not limited. (*Id.* at 7.) Defendant points out that its motion to compel included a general request for the production of discovery that is responsive to Document Request Number 36, in its entirety. (*Id.* at 9.)

Similarly, Defendant contends that its response to Plaintiff's Interrogatory 18 must be read in context and should not be read to limit a discovery request initiated in a different document, i.e., Defendant's document demands. (*Id.* at 14-16.) Since the context of Interrogatory 18 was "inducements and offsets," which "can only be quantif[ied] by starting with the leases," Defendant contends that its focus on leases was not meant to limit discovery, but rather to first obtain the leases in order to determine whether non-lease documents would be needed. (*Id.* at 16.) Last, on the issue of relevancy, Defendant contends that its defenses against Plaintiff's eviction action, including a defense of duress, will rely on the MTO leases and supporting documents. (*Id.* at 17.)

Having considered the parties' arguments in their papers submitted in connection with this matter, the Court finds that Plaintiff's motion must be denied without prejudice. Despite the Port Authority's assertion to the contrary, in deciding Defendant's motion to compel, this Court did not "overlook" any material fact or limitations implicitly placed by ASI, which would have resulted in a different conclusion or order. Further, the only factual support Plaintiff has

5

proffered does not warrant the extraordinary remedy of reconsideration for two reasons: (1) Plaintiff cites no case law in support of its argument that parties can limit their discovery requests merely by using restrictive phrasings in documents filed with a court, such as ASI's informal application to compel discovery; and (2) Defendant correctly argues that the otherwise restrictive language relied on by Plaintiff must be read in context and, in so doing, it is clear that ASI was simply responding to specific objections made by the Port Authority. It is of significant note that Defendant never once explicitly requested that Document Request Number 36 be limited to leases. Thus, while the Port Authority's objections were not limited to the request of leases (Pl.'s Reply Br. 1-2), that fact does not change this Court's decision, as the Court considered the relevancy and scope of Document Request Number 36 in its entirety.

Plaintiff's argument that non-lease, lease-related documents are no longer relevant is also unavailing. Importantly, the record of this Court's September 22, 2010 telephone conference makes clear that the Court considered all arguments regarding the relevancy of the documents:

> [T]he Court finds that the Document Request Number 36 is overly broad and burdensome, but the information ASI seeks is relevant for comparative purposes; thus, the Court shall narrow the scope by requiring the production of responsive documents for the past seven years.

(TR 7:8-7:12.)[2] Indeed, since Defendant filed its FMC claim before this Court granted Defendant's informal motion to compel, Plaintiff's relevancy argument appears to be nothing more than an attempt to obtain a second bite of the apple. Plaintiff's renewed relevancy argument is not appropriate on reconsideration and, furthermore, under this Court's liberal policy in favor of discovery, Defendant continues to demonstrate the relevancy of non-lease, lease-related documents for comparative purposes, asserting: "[H]ow the PA [or Plaintiff] treated its

---

[2] To the extent Defendant argues that the seven-year limitation only concerns the leases and not non-lease related documents, the Court finds no support in the record for that assertion. Indeed, Defendant intimates that such a limitation is appropriate. (*See* Def.'s Opp'n Br. 13.)

6

other MTO tenants in terms of lease length, terms and rent, and inducements and offsets, will lead to discoverable evidence" relevant to Defendant's defenses against Plaintiff's eviction action. (Def.'s Opp'n Br. 17.)

Accordingly, this Court finds good cause to deny the Port Authority's motion for reconsideration without prejudice. However, while the Court required the production of responsive documents to ASI's Document Request Number 36, the Court again clarifies that any production is limited to documents related to the length, terms and rent of leases with other MTOs. As the purpose of the discovery is to compare ASI's lease with other MTOs' leases, Document Request Number 36 should not be read so broadly as to require the production of "literally every piece of paper generated over a seven-year period between the Port Authority and the other MTOs relating to . . . payments, negotiations and the like . . . .[,]" as asserted by Plaintiff. (*See* Pl.'s Moving Br. 1.) Finally, to the extent that there are any privilege concerns regarding certain documents, Plaintiff shall provide a detailed privilege log and the parties shall meet and confer in a good faith attempt to resolve any related disputes and/or objections.

### III. CONCLUSION

The Court having carefully reviewed and considered the submissions of all parties to this matter, as well as all applicable legal standards and case law; and for other good cause shown, **IT IS** on this **12th** day of **April, 2011**, **ORDERED** that Plaintiff's motion for reconsideration is denied without prejudice.

s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**
