

ATTORNEYS AT LAW

**Michael J. Geraghty**
973-645-4911
mgeraghty@saiber.com

June 21, 2011

**VIA ELECTRONIC FILING**
Honorable Michael A. Shipp, U.S.M.J.
Martin Luther King, Jr., Federal Building
    and Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:  The Port Authority of New York and New Jersey v. American Stevedoring, Inc.
> Civil Action No. 09-04299 (SRC) (MAS)

Dear Magistrate Judge Shipp:

On behalf of plaintiff Port Authority of New York and New Jersey (the "Port Authority"), I write to bring to the Court's attention a recent decision and order of the Federal Maritime Commission ("FMC") in *American Stevedoring, Inc. v. The Port Authority*, FMC Docket No. 10-05 ("FMC Action"). By Order dated June 20, 2011, the FMC granted the Port Authority a protective order and quashed a notice served by American Stevedoring, Inc. ("ASI") to take the deposition of Christopher O. Ward, the Executive Director and highest ranking officer of the Port Authority ("FMC Order"). (A copy of the FMC Order is attached hereto as Exhibit A.) The Port Authority respectfully requests that Your Honor consider this letter and the FMC Order in further opposition to ASI's application.

On the eve of the March 4, 2011 close of discovery deadline in this action (the "DNJ Action"), ASI, by letter dated March 3, 2011, sought to compel the deposition of Mr. Ward. On March 11, 2011, the Port Authority filed its response to ASI's application. On March 22, 2011, ASI filed a reply in further support of its application. With the Court's permission, the Port Authority filed a response to ASI's reply on March 30, 2011 at which time the application was submitted to the Court.

In the FMC action, ASI has brought claims under the Shipping Act against the Port Authority that are based on almost identical factual allegations as those facts alleged in the DNJ Action on which ASI's counterclaim is based. Recently, while ASI's application in the DNJ Action was pending before Your Honor, ASI served a deposition notice in the FMC Action to take Mr. Ward's deposition on June 23, 2011. On June 9, 2011, the Port Authority filed a motion for a protective order seeking to quash the deposition of Mr. Ward. In response to the Port Authority's motion in the FMC Action, ASI submitted and relied exclusively on its March 3 and March 22, 2011 letter briefs and exhibits submitted in the DNJ Action.

Honorable Michael A. Shipp, U.S.M.J.
June 21, 2011
Page 2

                    In the June 20, 2011 FMC Order, Administrative Law Judge Erin M. Wirth
observed:

> The dispute centers around whether Mr. Ward has relevant first-
> hand knowledge not available from other sources. Although ASI
> asserts that Mr. Ward was at the center of the disputed issues and is
> a critical fact witness, the evidence it has submitted does not
> sufficiently support that assertion. It is clear that Mr. Ward was
> provided copies of emails and documents. In addition, the August
> 21, 2009 memorandum and drafts contained his name.  However,
> the declarations by Mr. Ward and his staff member Andrew
> Warshaw indicate that the memorandum was actually drafted by
> Mr. Warshaw and Mr. Ward's name was included as proper
> protocol for this type of document. It is not unusual for
> subordinates to draft documents in their supervisor's name.  It is
> not clear whether any documents or emails were written and sent by
> Mr. Ward. The evidence provided by ASI is not sufficient to justify
> permitting Mr. Ward's deposition.

(FMC Order, Exh. A at 2.)

                    Judge Wirth quashed the deposition for the same reasons set forth in the Port
Authority's papers filed in response to ASI's application in the DNJ Action.  For those reasons
and the reasons set forth in the FMC Order, ASI's application to compel the deposition of
Christopher O. Ward, the Executive Director and highest ranking officer of the Port Authority,
should be denied in its entirety.

                                          Respectfully submitted,

                                          */s/ Michael J. Geraghty*

                                        MICHAEL J. GERAGHTY

MJG/sab
cc:    Janine G. Bauer, Esq. (via ECF)
       Michael S. Hiller, Esq. (via ECF)

{00671870.DOC}

# EXHIBIT A

```
┌─────────────────────────────────────┐
│ S      E      R      V      E      D │
│           June 20, 2011              │
│ FEDERAL   MARITIME   COMMISSION      │
└─────────────────────────────────────┘
```

## FEDERAL MARITIME COMMISSION

## WASHINGTON, D.C.

## DOCKET NO. 10-05

## AMERICAN STEVEDORING, INC.

v.

## THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY

_____

## ORDER ON RESPONDENT'S MOTION FOR A PROTECTIVE ORDER

_____

### I.

Respondent The Port Authority of New York and New Jersey ("Port Authority") filed a motion for a protective order ("Motion") on June 9, 2011. The Port Authority seeks an order quashing the deposition of the Port Authority's Executive Director, Christopher Ward, scheduled for June 23, 2011. Complainant American Stevedoring, Inc. ("ASI") filed a response to the motion ("Response") on June 16, 2011.

### II.

The Port Authority contends that Mr. Ward's deposition notice should be quashed because he is the Port Authority's highest ranking officer, the information ASI seeks from Mr. Ward is readily available from other witnesses and sources, and he has no unique or first-hand knowledge about any of the facts relevant to the case.

ASI relies entirely on its March 3, 2011, and March 22, 2011, letter briefs with exhibits which were submitted in a federal district court case currently pending between the parties. ASI contends that Mr. Ward is a critical fact witness who was personally involved and is at the center of the disputed issues.

## III.

Commission Rule 201(i) permits the presiding officer to limit discovery, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." 46 C.F.R. § 502.201; *see also* F.R.C.P. 26(c)(1). "The need for limited access to high government officials through the discovery process is well established." *Bogan v. City of Boston*, 423 F.3d 417, 423 (1st Cir. 2007). Depositions of high ranking officials may be permitted under extraordinary circumstances such as when the official has first-hand knowledge related to the claim being litigated and the information is not available from another source. *Bogan*, 489 F.3d at 423. The party seeking the deposition must show that the deposition is likely to lead to the discovery of admissible evidence and thus, mere knowledge or awareness of information that may be helpful may not be sufficient. *Buono v. City of Newark*, 249 F.R.D. 469, 470 n.2 (D.N.J. 2008) (*citing Robinson v. City of Philadelphia*, 2006 WL 1147250, at *2 (E.D. Pa. 2006)). Even an official's *pro forma* approval of a matter without showing deliberations about it will not justify ordering a deposition of the official. *Buono*, 249 F.R.D. at 470 n.2 (*citing Hankins v. City of Philadelphia*, 1996 WL 524334, at *2 (E.D. Pa. 1996)).

Relying on Mr. Ward's declaration, the Port Authority argues that Mr. Ward is the highest ranking officer of a quasi-governmental agency with more than 6,500 employees. ASI does not contest that Mr. Ward is a high ranking official.

The dispute centers around whether Mr. Ward has relevant first-hand knowledge not available from other sources. Although ASI asserts that Mr. Ward was at the center of the disputed issues and is a critical fact witness, the evidence it has submitted does not sufficiently support that assertion. It is clear that Mr. Ward was provided copies of emails and documents. In addition, the August 21, 2009, memorandum and drafts contained his name. However, the declarations by Mr. Ward and his staff member Andrew Warshaw indicate that the memorandum was actually drafted by Mr. Warshaw and Mr. Ward's name was included as proper protocol for this type of document. It is not unusual for subordinates to draft documents in their supervisor's name. It is not clear whether any documents or emails were written and sent by Mr. Ward. The evidence provided by ASI is not sufficient to justify permitting Mr. Ward's deposition.

## IV.

For the above-stated reasons, it is hereby

**ORDERED** that the Port Authority's motion for a protective order be **GRANTED**. The deposition notice for Mr. Ward is quashed.

Erin M. Wirth
Administrative Law Judge

-2-