Michael J. Geraghty
SAIBER LLC
18 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 622-3333
Attorneys for Plaintiff
The Port Authority of New York and New Jersey

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN STEVEDORING, INC. <br><br> Defendant-Counterclaimant. | Civil Action No. 09-4299(SRC)(MAS) <br><br> Hon. Stanley R. Chesler <br><br> Civil Action <br><br> *Document Electronically Filed* |

**STIPULATION AND PROTECTIVE ORDER
GOVERNING DISCLOSURE OF CONFIDENTIAL INFORMATION**

**WHEREAS,** the parties to the above-captioned action (the "Action") will be responding to discovery requests in the parties' Action;

**WHEREAS,** the parties desire to conduct discovery in this Action subject to a protective order that will govern the parties' disclosure of confidential information;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the undersigned attorneys for the respective parties hereto, subject to further order of the Court, that the following stipulation and protective order governing confidential information (the "Order") shall govern the handling of documents and any deposition testimony, deposition

{00671934.DOC}

exhibits, interrogatory responses, admissions, pleadings, briefs, motions, papers filed with the Court, and any other information produced or given by any party or non-party to either party in connection with the prosecution and defense of the Action and any related action.

A.  **Definitions**

1.  "Party" shall mean The Port Authority of New York and New Jersey or American Stevedoring, Inc. separately; and "Parties" shall mean each Party collectively.

2.  "Producing Party" shall mean any Party or non-party producing Confidential Information (as defined herein) in the Action.

3.  "Receiving Party" shall mean any Party or non-party receiving Confidential Information in the Action.

4.  "Documents" shall mean anything that may be considered to be a document or tangible thing under the Federal Rules of Civil Procedure including, but not limited to: interrogatory answers served by any Party; responses to requests to admit served by any Party; documents produced by any Producing Party, whether pursuant to formal discovery or by informal agreement; transcripts of and exhibits to depositions taken in the Action; and any portions of any documents filed in the Action that quote from or summarize any of the foregoing documents.

B.  **Designation of Documents**

5.  A Producing Party may, at its option, designate as "Confidential" such information as the Producing Party in good faith deems confidential, in accordance with Rule 26 of the Federal Rules of Civil Procedure, on the basis that such information constitutes a trade secret or other sensitive research, development or commercial information, non-public commercial, financial, pricing, budgeting, trading and/or accounting information, non-public

information about past marketing or feasibility studies, projections, non-public business strategies, decisions and/or negotiations, competitive analyses, non-public communications with any regulators, personnel compensation, evaluations and other employment information or personal information, tax information, financial statements or other disclosure of the financial condition of a Party or other person, existing and prospective customer names, lists, commodities, rates, terms and conditions, negotiations, wharfage fees, contracts, proposals and manifests, confidential proprietary information about affiliates, parents, subsidiaries, or third-parties with whom the Producing Party has or had a business relationship, or other commercially sensitive or proprietary information. (Documents that are designated as "Confidential" are hereinafter referred to as "Confidential Information").

6.     Certain documents may contain Confidential Information that is so sensitive that it should not be disclosed to any person other than counsel for the Parties. Such information shall be produced on a "Highly Confidential – Attorney Eyes Only" basis. Examples of the type of information that may be designated "Highly Confidential – Attorney Eyes Only" includes, but is not limited to, evaluations and other employment information or personal information, financial statements or other disclosure of the financial condition of non-parties, negotiations with non-parties or confidential business sensitive information of non-parties.

7.     Designation of material as Confidential Information may be made by stamping or otherwise inscribing "Confidential" upon every page of the document that the Producing Party deems in good faith confidential. If a Producing Party inadvertently produces documents or other materials that it considers to be Confidential Information without affixing a "Confidential" designation, or otherwise wishes to change the designation to "Confidential," the Producing Party may subsequently designate such documents or other materials as "Confidential" by

delivering written notice of such designation to the other Party with a copy of the document(s) marked "Confidential" and such information shall be treated by the Receiving Party as being so designated from the time the Receiving Party is notified in writing of the change in designation. A Party shall not violate this Order if it discloses information that was not designated Confidential Information that is subsequently so designated if such disclosure was made before the Receiving Party received written notice of said designation, or of a change in designation.

8. Either Party's failure to designate Confidential Information as "Confidential" or "Highly Confidential – Attorney Eyes Only" shall not be deemed a waiver, in whole or in part, of any claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject that the Parties would otherwise be entitled to invoke against a person or entity who/which is not a Party (who has agreed to the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A hereto).

9. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the Producing Party may designate such material as Confidential or "Highly Confidential – Attorney Eyes Only" by cover letter referring generally to such matter and by affixing (where possible) a label on the media or its casing indicating such designation.

10. In the event that non-parties produce Documents or information in connection with the Action, the Parties and all other persons subject to this Order agree that production by non-parties of such Documents or information shall be made subject to the provisions of this Order.

C.  **Designation of Deposition Transcripts**

11.  In the case of depositions, designation of the transcript or portion of the transcript (including exhibits) that contains Confidential Information shall be made by an oral statement by counsel for the Producing Party directing the court reporter during the deposition to mark the transcript "Confidential" or "Highly Confidential – Attorney Eyes Only" and the Producing Party shall thereafter provide counsel for the Receiving Party with written notice within ten (10) days of the date on which it receives the transcript of all portions of the deposition transcript (identified by page and line) that contain Confidential Information.  Until counsel for the Receiving Party receives such written notice, the entire transcript shall be deemed to contain Confidential Material.  If the Producing Party's counsel fails to provide to counsel for the Receiving Party the list described in this paragraph within the time period set forth herein, then the Producing Party will have been deemed to waive the confidentiality of the deposition transcript.  The Parties may modify the above designation procedures for any particular deposition through agreement on the record at such deposition, without further order of the Court.

D.  **Use of Confidential Information**

12.  No Party, including a Party's agents, consultants, experts, deponents, witnesses and attorneys, receiving Confidential Information shall make use of any such Confidential Information for any purpose whatsoever other than the prosecution or defense of any claims asserted in the Action or any related action provided that disclosure and use for any other action shall be subject to a protective order governing confidentiality entered by the Court in that other action.  Confidential Information shall be held in confidence by each person to whom it is disclosed, and may not be disclosed to any person or entity, except as permitted in this Order.

13. If any person bound by this Order willfully violates any of the terms hereof, the aggrieved Party may seek any appropriate relief in this Court. The Parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order, which shall survive the termination of the litigation.

14. If Confidential Information is disclosed by the Receiving Party in violation of this Order, the Receiving Party shall promptly upon learning that the Order was violated, inadvertently or otherwise, inform the Producing Party of all pertinent facts relating to the disclosure, and shall make every reasonable effort to prevent any further disclosure in violation of the Order, including any disclosure by any person who received any Confidential Information in violation of this Order.

15. Confidential Information may be referred to in any paper served or filed in the Action or any related action including but not limited to interrogatory answers, responses to requests to admit, pleadings, motions, briefs or other documents filed with the Court, and may be marked as deposition exhibits and shown to any witness in the Action as set forth in paragraph 20; provided that any paper filed with the Court in this Action is handled in accordance with Paragraph 16 below.

16. In accordance with L. Civ. R. 5.3, nothing in this Order shall be construed as authorizing the filing of materials under seal with any Court in the absence of a separate Court order authorizing the sealing of specific materials. However, if a Producing Party submits materials for filing with the Court containing Confidential Information it designated Confidential or "Highly Confidential – Attorney Eyes Only", the Producing Party submitting such Confidential Information may, at its option, file the materials with a motion to seal pursuant to L.Civ.R. 5.3(c). In seeking an order sealing its own Confidential Information, the burden of

persuasion shall rest on the moving party. If a Receiving Party seeks to file with the Court materials that include any Confidential Information of the Producing Party, the Receiving Party shall notify the Producing Party of the filing of such materials by email or physical hard copy received by the Producing Party at least three (3) business days in advance of such filing and shall state the then intended date of filing. The notice shall list the document or documents containing Confidential Information of the Producing Party that the Receiving Party intends at that time to file with the Court without imposing any obligation on the Receiving Part to file any documents. If the Producing Party wishes to maintain the confidentiality of the documents identified by the Receiving Party, the Producing Party must file a motion to seal pursuant to L.Civ.R. 5.3(c), which imposes the burden of persuasion on the Producing Party seeking the order. The Producing Party shall advise the Receiving Party of its intent to file the motion to seal at least one (1) business day before the filing. The Receiving Party must then file the other party's Confidential Information under the designation "confidential materials" and such information will remain sealed pursuant to L.Civ.R. 5.3(c) until such time as the motion to seal is decided. Filing the information under seal shall not prejudice the Receiving Party's ability to oppose the motion to seal nor otherwise impede the Receiving Party from contesting the Producing Party's confidentiality designations as provided for in this Order. If a Receiving Party files any documents with the Court that contain Confidential Information without providing notice to the Producing Party in accordance with this paragraph 16, the Receiving Party shall be responsible for payment of the Producing Party's reasonable attorney's fees and costs incurred in connection with remedying the omission. Nothing in this provision shall prohibit this Court in its sole discretion from entering an order sealing any and all materials, or relevant portions of materials, designated Confidential pursuant to this Order.

17. Any Confidential Information that is designated by any Party may be used in open court at trial unless the Producing Party obtains an appropriate protective order from the Court before the Receiving Party's use of such Confidential Information. If a Receiving Party intends to use any Confidential Information at any hearing or other pre-trial proceeding, excluding Party depositions, counsel for the Producing Party must be given reasonable notice of the Receiving Party's intention to use such Confidential Information. Upon receipt of such notice, the Producing Party may ask the Court to place the hearing under seal or seek such other relief that will minimize the risk of harm to the Producing Party by the public disclosure of any Confidential Information. Use of any Confidential Information in any court proceeding shall not waive the applicability of this Order as to such material. Parties using Confidential Information in open court shall use reasonable efforts to minimize disclosure to persons not authorized to see such material pursuant to paragraph 20 below. In the event that an appellate motion or brief that contains Confidential Information is filed in the Litigation by any Party to this Order (other than Confidential Information already sealed by the District Court, which Confidential Information shall be treated in accordance with Third Circuit LAR Misc. 106.1(c) (2)), such Party agrees to consult with the Producing Party concerning the use of such Confidential Information prior to making the appellate filing. If the parties are unable to reach an accord as to the use of such Confidential Information in the appellate filing, the Producing Party may seek an appropriate order from the appellate court. In any such motion, the Producing Party shall have the burden of establishing that the appellate brief or motion should be filed under seal.

18. Nothing in this Order shall prevent the Producing Party from using or disclosing its own Confidential Information for any purpose as it deems appropriate, without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

{00671934.DOC}                                          8

E.  **Challenges to Confidentiality Designations**

19. A Party shall not be obligated to challenge the propriety of a Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a Party objects to a Confidential or "Highly Confidential – Attorney Eyes Only" designation under this Order by a Producing Party of any document (or part thereof), counsel for the Receiving Party shall give written notice to counsel for the Producing Party, identifying the designated document or information to which it objects and its reasons for objection. The Producing Party, within ten (10) calendar days after receiving notice, shall consult with the Receiving Party in a good faith effort to attempt to resolve their differences. If the Parties are unable to reach an accord as to the proper designation of the material, the Receiving Party shall have ten (10) calendar days from the final meet and confer session to apply to the Court, on duly noticed motion, seeking an order to remove the Confidential or "Highly Confidential – Attorney Eyes Only" designation. In any such motion, the Producing Party claiming the right to designate information as protected as Confidential or "Highly Confidential – Attorney Eyes Only" shall have the burden of establishing the grounds for the designation and treatment of information as entitled to protection in accordance with Rule 26 of the Federal Rules of Civil Procedure or other applicable law. Except as provided in paragraph 5 above, nothing provided in this Order shall create any presumption that any information is Confidential or "Highly Confidential – Attorney Eyes Only", or any treatment that does not result in the public availability of the information or otherwise lessen the burden on the Producing Party to establish entitlement to protection from public availability under the Federal Rules of Civil Procedure or other applicable law. If a motion is made, any documents or other materials that

have been designated Confidential or "Highly Confidential – Attorney Eyes Only" shall be treated accordingly until such time as the Court rules that such material should not be so treated.

**F.      Disclosure of Confidential Information**

20.     Except with the prior written consent of the Producing Party requesting Confidential treatment, no document designated as Confidential and no information contained therein may be disclosed to any person or entity other than the following:

a)      Any Party and any current officers, directors, partners or employees of any Party or an affiliate of any Party.

b)      Counsel for any Party and any attorneys, paralegals, office clerks, secretaries, outside copying services (including preparation of exhibits, photocopying, document coding, image scanning, jury consulting, or the creation of any computer database from documents containing Confidential Information) and other personnel working under their supervision and assigned to perform duties in connection with the prosecution or defense of the Action, provided that such persons are informed of the terms of this Order. Such counsel will include both in-house legal staff and outside counsel in the case of a corporate party.

c)      Any person, who has authored, received or otherwise has been provided access (in the ordinary course, outside the context of this Action) to the Confidential Information.

d)      Any consultants or experts retained by any counsel of record for any Party who agree to be bound by the terms of this Order, provided that they:

      i)      execute the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A; and

      ii)     Counsel for the Party that retains such consultant or expert obtains

{00671934.DOC}                                              10

a copy of the "Agreement to Be Bound by Protective Order" executed by such consultant or expert before disclosing any Confidential Information.

If these requirements are satisfied, the attorney, expert or consultant may fully disclose any Confidential Information to his or her support staff/assistants. It is not necessary for any member of that support staff/those assistants to sign the "Agreement to Be Bound by Protective Order," but they will nonetheless be deemed bound by the attorney's, expert's or consultant's execution of the "Agreement to Be Bound by Protective Order" attached as Exhibit A.

e) Any and all party and non-party witnesses and their counsel during testimony (including depositions); *provided however*,

i) Before the Receiving Party may disclose documents that the Producing Party has designated as "Confidential" or "Highly Confidential – Attorney Eyes Only" to any non-party witness (other than any consultant or expert contemplated by subparagraph (d) of this paragraph 20), the Receiving Party must first obtain the consent of the Producing Party, which consent shall not be unreasonably withheld. In the event that such consent is not provided, the Receiving Party shall be permitted to make an application to the Court, a hearing officer, or authority of competent jurisdiction.

ii) The Producing Party may disclose documents that it designated as "Confidential" or "Highly Confidential – Attorney Eyes Only" to any non-party witness or their counsel during testimony (including depositions), except in instances where the Confidential Information was obtained from

{00671934.DOC}                                11

the Receiving Party (e.g., the Port Authority's production of a document that contains ASI's confidential financial information). In such instances, i.e., where documents produced by the Producing Party contain Confidential Information that was obtained from the Receiving Party, the Producing Party must first obtain the consent of the Receiving Party, which consent shall not be unreasonably withheld. In the event that such consent is not provided, the Producing Party shall be permitted to make an application to the Court, a hearing officer, or authority of competent jurisdiction.

f) Any other person whom counsel for both parties agree in writing should have access to such Confidential Information and who agrees to be bound by the terms of this Order by executing the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A. Copies of all "Agreements to Be Bound by Protective Order" executed by any such person shall be provided by the Party disclosing the Confidential Information to the other Party.

g) Any third-party mediator jointly selected by the Parties (including the Producing Party) to assist in a possible resolution of their disputes.

h) Deposition and trial court reporters, as needed.

i) The Court, court personnel, and jurors.

j) Any other person whom the Court directs should have access to the Confidential Information.

21. Prior to the first disclosure of Confidential Information to any person or entity listed in paragraph 20 above (including those persons and entities not required to execute Exhibit A hereto), counsel for the Party that discloses such Confidential Information shall deliver a copy

of this Order to the person or entity to whom disclosure will be made. Counsel for the Parties shall maintain a list of all persons to whom disclosure of Confidential Information has been made subject to a requirement that Exhibit A be executed by the person, as well as copies of the undertakings signed by any persons required to execute a copy of Exhibit A. Except for consultants or experts described in paragraph 20(d) herein, the names of persons who have signed the form attached as Exhibit A shall not be discoverable or disclosed except upon a showing of good cause and by order of the Court. Every person given access to Confidential Information shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Action, and each such copy is to be treated in accordance with the provisions of this Order.

22. In the event a Party desires to disclose information designated as Confidential by a Producing Party to any person other than those categories of persons enumerated in paragraph 20 above, or counsel for the Receiving Party desires to disclose information designated as "Highly Confidential – Attorney Eyes Only" to a Party, counsel for the Party wishing to disclose the Confidential Information or Highly Confidential Information shall notify the Producing Party and the parties shall thereafter endeavor to negotiate all objections to the disclosure. In the event negotiations fail to resolve all objections, counsel for the Party wishing to disclose the Confidential Information may make an application to the Court to permit such disclosure.

23. Nothing herein shall impose any restrictions on the use or disclosure by a Party of any document, material or information legitimately obtained by such Party independently of the discovery proceedings in the Action, if from a public source or otherwise publicly available. This Order shall not apply to any document, testimony or other information that: (i) is already in the Party's possession; provided that a Producing Party may designate material previously

{00671934.DOC}                                     13

produced as "Confidential" in accordance with paragraph 7 herein, or (ii) is or becomes available to the public other than as a result of disclosure in violation of this Order, or (iii) is or becomes available to a Party from any source other than the Producing Party.

24. Nothing herein shall restrict or preclude any Party from responding to a subpoena or other request issued in another legal action or proceeding. However, upon receipt of a subpoena or other compulsory request for Confidential Information, the Party shall forward a copy of the subpoena or compulsory request to the Producing Party within five (5) business days of service and afford the Producing Party seven (7) business days after the receipt of such notice (or any shorter period of time if the Party is compelled to respond before the expiration of seven (7) business days) to contest the production of Confidential Information sought by the subpoena or other compulsory request. During this time, the person or party subject to the subpoena or other request shall not produce or disclose the Confidential Information without consent of the Producing Party, or until ordered to do so by a court of competent jurisdiction, provided that the Producing Party makes a timely motion or other application for relief from the subpoena or other request in the appropriate form. If the Producing Party fails to seek or obtain an appropriate order, the Party responding to the subpoena or other compulsory request will not be deemed in breach of this Order by producing Confidential Information sought by the subpoena or other request in compliance with it obligations under applicable law.

25. In the event that a Party produces Confidential Information to any third party pursuant to subpoena or compulsory process, such information shall continue to be treated as Confidential Information by all persons subject to this Order unless and until the Court otherwise directs.

G.   **Inadvertent Production of Privileged Information**

26.   The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine, or any other ground on which production should not be made, will not waive such privileges or protections; provided, however, that this Order shall not prevent any Party from moving to compel production of allegedly privileged documents on any grounds. Upon a request from a Producing Party that has inadvertently produced any document that it believes may be subject to the attorney-client or attorney work-product privilege, or other protections, any Party receiving said document shall immediately return such document, including any summaries and copies thereof that may have been made or distributed, to the Producing Party within five (5) business days of receipt of such notice and shall be barred from using that material or any copies thereof, or any information derived therefrom in the Action or otherwise. Nothing herein, however, shall prevent the Party from moving, on reasonable notice, and on such grounds other than the inadvertent production of such material, for an order challenging the designation of such material as privileged or protected material, and may attach to the motion copies of the material in question; *provided however*, that any such motion shall be filed under seal.

H.   **Disposition on Final Resolution**

27.   Within ninety (90) days of the conclusion of the Action, including exhaustion of all appeals, all documents in whatever form, stored or reproduced, or other data designated as Confidential (including summaries and excerpts), other materials that contain or refer to Confidential Information, and all copies thereof, in the possession of or under the control of any Party or officer or employee thereof, counsel retained by such Party, retained expert or other person described in paragraph 20 hereof, shall be either (a) promptly returned to counsel for the

Producing Party that designated the information as Confidential; or (b) destroyed with certification of such destruction given to the Producing Party, unless otherwise specifically agreed in writing by the Producing Party; *provided however* that the Receiving Party shall not be required to act on behalf of any person who is not within its control but shall be required to undertake reasonable efforts to request that any person not within its control return any Confidential Information disclosed to such person.

28. Notwithstanding the foregoing and subject to the terms of this Order, the parties and their counsel may retain copies of briefs and other documents (regardless of the form of such papers) that contain or constitute such Confidential Information, including correspondence, deposition transcripts, trial exhibits of record and attorney's work product. Any such documents, briefs and other documents shall continue to be treated pursuant to the terms of this Order, unless otherwise ordered by the Court. The Court shall retain jurisdiction to enforce the terms of this Stipulation and Order.

**IT IS SO STIPULATED:**

SAIBER, LLC
By: _____
MICHAEL J. GERAGHTY

*Attorneys for Plaintiff*
*The Port Authority of New York*
  *and New Jersey*

SZAFERMAN, LAKIND, BLUMSTEIN
  & BLADER, P.C.
By: _____
JANINE G. BAUER

*Attorneys for Defendant-Counterclaimant*
*American Stevedoring, Inc.*

Dated: June 30, 2011

{00671934.DOC}                          16

**THE FOREGOING STIPULATION IS SO ORDERED.**

Dated: July 8, 2011

_____
Honorable Michael A. Shipp, U.S.M.J.

{00671934.DOC}                                   17

## EXHIBIT A

### Agreement to Be Bound By Protective Order

By my signature, I declare under penalty of perjury that I have read in its entirety and understand the STIPULATION AND PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL INFORMATION ("Protective Order") that was entered by the United States District Court for the District of New Jersey in the case of *The Port Authority of New York and New Jersey v. American Stevedoring, Inc.*, Civil Action No. 09-04299 (SRC), I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that my failure to comply may expose me to sanctions by the Court and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of New Jersey with respect to all matters relating to compliance with the Protective Order.

Name: _____

DATED: _____, 2011

A-1

{00671934.DOC}